648 A.2d 1025

ATTORNEY GRIEVANCE COMMISSION
of Maryland, Petitioner,

v.

David R. NOONAN, Respondent.

Misc. (Subtitle BV) No. 26, Sept. Term, 1994.

Court of Appeals of Maryland.

Oct. 25, 1994.

## ORDER

This matter came before the Court on the Joint Petition by the Attorney Grievance Commission and the Respondent, David R. Noonan. The Court having considered the Petition, it is this 25th day of October, 1994,

ORDERED, that David R. Noonan be and he is hereby suspended indefinitely from the practice of law effective 5:00 p.m. Friday, November 25, 1994. It is further,

ORDERED, that David R. Noonan shall, within ten (10) days of the date of this Order, supply to Kendall R. Calhoun, Esq., Assistant Bar Counsel a list of every client by name, address and phone number whose legal matters have not been concluded by Respondent. It is further,

ORDERED, that Respondent, David R. Noonan, shall, prior to the effective date of this suspension, undertake no further legal matters and further, he shall write to each client whose legal matter has not been concluded of the fact that he is closing his practice effective 5:00 p.m. November 25, 1994. Further, Respondent shall supply copies of those letters to Kendall R. Calhoun, Esq., Assistant Bar Counsel. It is further,

ORDERED, that prior to any Petition for Reinstatement, Respondent David R. Noonan shall provide proof that he has reimbursed every client from whom he has received a legal fee, and whose legal matter has not been completed, and/or

paid all judgments which have been entered against him for refund of any legal fees or for liability for professional misfeasance. It is further,

ORDERED, that in addition, Respondent must establish prior to any reinstatement that he is competent, mentally and physically to resume the practice of law. It is further,

ORDERED, that should Respondent be reinstated at any time in the future, such reinstatement be conditioned upon Respondent having an attorney, satisfactory to Bar Counsel, monitor Respondent's legal practice, including having access to client files and co-signing any attorney escrow account maintained by Respondent, for a period of at least two years with reports by said monitor to Bar Counsel as Bar Counsel shall direct. It is further,

ORDERED, that the Clerk of this Court shall remove the name of David R. Noonan from the register of attorneys in this Court effective 5:00 p.m. Friday, November 25, 1994 and shall certify that fact to the Trustees of the Client's Security Trust Fund and the clerks of all judicial tribunals in this State in accordance with Rule BV13.